J-S06033-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SETH WILLIAM WISE | : | |
| | : | |
| Appellant | : | No. 700 WDA 2025 |

Appeal from the Judgment of Sentence Entered January 6, 2025
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000817-2023

BEFORE:   KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: March 25, 2026**

Seth William Wise appeals from the January 6, 2025 aggregate judgment of sentence of 30 days to 23 months' imprisonment imposed after a jury found him guilty of simple assault, and the trial court found him guilty of harassment.[1]  After careful review, we affirm the judgment of sentence.

The relevant facts of this case, as gleaned from the certified record, are as follows:  On the evening of August 13, 2022, Appellant was involved in a physical altercation with his then-girlfriend, Alicia Bossard (hereinafter, "the victim") at his residence, which resulted in the victim suffering two black eyes

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 2709(a)(1), respectively.

and large clumps of her hair missing. Notes of testimony, 10/8/24 at 89-90, 102, 105-106.

The victim testified that on the evening in question, she and Appellant got into a verbal argument that ultimately escalated to a physical fight after Appellant shoved her to the ground, sat on her, and punched her four times, including in both eyes. *Id.* at 96-99. According to the victim, the altercation lasted "two-and-a-half hours, approximately[,]" from about 10:00 p.m. until 2:30 a.m. *Id.* at 100, 104. At the time of the incident, Appellant was approximately 5'8" tall and weighed 215 pounds and the victim was approximately 5'1" tall and weighed 130 pounds. *Id.* at 97.

Appellant testified that on the evening in question, the victim became intoxicated and he prevented her from leaving by removing the keys from the ignition of her vehicle. Notes of testimony, 10/10/24 at 42-43. Appellant further testified that after he convinced the victim to return to his house, she became irate and began knocking things off the countertop and destroying the glass refrigerator inserts. *Id.* Appellant then acknowledged that he "bear hugged" the victim to the floor of his kitchen, straddled her torso, and restrained her arms. *Id.* 43-44. According to Appellant, the victim began kneeing him in the back and bit his bicep, at which point he grabbed her by her hair and pushed her face down with his hand. *Id.* at 44-46. Appellant denied punching the victim and indicted that he was uncertain how she suffered two black eyes. *Id.*

The trial court summarized the procedural history of this case as follows:

> [Appellant] was charged with three misdemeanors of the second degree: simple assault; false imprisonment; intimidation of a witness and/or victim, and a summary offense of harassment, stemming from an incident that occurred between them at [Appellant's] home on August 13, 2022. A jury found him guilty on October 11, 2024 of simple assault but not guilty of false imprisonment and intimidating or attempting to intimidate a witness/victim. The trial court found [Appellant] guilty of the summary harassment offense.

Trial court Rule 1925(a) opinion, 7/2/25 at 1 (citations omitted).[2]

As noted, the trial court sentenced Appellant to an aggregate term of 30 days to 23 months' imprisonment on January 6, 2025. On January 8, 2025, Appellant filed a timely post-sentence motion for a new trial that was denied by the trial court on June 9, 2025. This appeal followed that same day.[3] Appellant was subsequently granted release on a non-monetary bond pending this appeal.

Preliminarily, we must address the timeliness of the instant appeal, as it implicates a potential breakdown. A notice of appeal must be filed within 30 days of the entry of the order being appealed. *See* Pa.R.A.P. 903(a). If the defendant files a timely post-sentence motion, the notice of appeal shall

---

[2] The trial court July 2, 2025 Rule 1925(a) opinion does not contain pagination. For the ease of our discussion we have assigned each page a corresponding number.

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

be filed within 30 days of the entry of the order deciding the motion. *See* Pa.R.Crim.P. 720(A)(2)(a). A trial court has 120 days to decide a post-sentence motion, and if it fails to decide the motion within that period, the motion is deemed denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(a). When the motion is denied by operation of law, the clerk of courts shall enter an order deeming the motion denied on behalf of the trial court and serve copies on the parties. *See* Pa.R.Crim.P. 720(B)(3)(c). The notice of appeal shall be filed within 30 days of the entry of the order denying the motion by operation of law. *See* Pa.R.Crim.P. 720(A)(2)(b).

Instantly, the 120-day period for a decision on Appellant's post-sentence motion expired on May 8, 2025. However, an order was not entered denying the motion until 32 days later, on June 9, 2025. Nevertheless, Appellant appealed within 30 days of the date that the post-sentence motion should have been denied by operation of law. This Court has held that a court breakdown occurs when the trial court clerk fails to enter an order deeming post-sentence motions denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c). *See Commonwealth v. Patterson*, 940 A.2d 493, 498-499 (Pa.Super. 2007) (citation omitted), *appeal denied*, 960 A.2d 838 (Pa. 2008). Accordingly, we decline to quash the appeal as untimely and proceed to consider the merits of Appellant's substantive issues.

Appellant raises the following issues for our review:

> I. Did the trial court err in failing to instruct the jury of the defense of justification?

- 4 -

> II. Did the trial court err in failing to give the proper jury instruction on the charge of prior consistent statements?

Appellant's brief 7 (extraneous capitalization omitted).

Appellant first argues that the trial court erred in failing to instruct the jury on self-defense and the defense of justification. *Id.* at 16.

Our standard of review in assessing whether a trial court erred in fashioning its instructions to the jury is well settled.

> In reviewing a jury charge, we determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. We must view the charge as a whole; the trial court is free to use its own form of expression in creating the charge. A trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration.

*Commonwealth v. Williams*, 176 A.3d 298, 314 (Pa.Super. 2017) (citations omitted), *appeal denied*, 187 A.3d 908 (Pa. 2018).

The statutory basis for self-defense/justification instruction is set forth in Section 505 of the Crimes Code:

> **Use of force in self-protection.**
>
> **(a)   Use of force justifiable for protection of the person.--**  The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.
>
> **(b)   Limitations on justifying necessity for use of force.--**

(1) The use of force is not justifiable under this section:

. . . .

(2) The use of deadly force is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat; nor is it justifiable if:

(i)     the actor, with the intent of causing death or serious bodily injury, provoked the use of force against himself in the same encounter; or

(ii)    the actor knows that he can avoid the necessity of using such force with complete safety by retreating, except the actor is not obliged to retreat from his dwelling or place of work, unless he was the initial aggressor or is assailed in his place of work by another person whose place of work the actor knows it to be.

18 Pa.C.S.A. § 505(a), (b).

Instantly, the record reflects that although Appellant verbally expressed his belief that a self-defense/justification instruction was warranted at various points during trial, he did not include a request such an instruction within his proposed points for charge nor lodge a contemporaneous objection challenging the absence of a self-defense/justification instruction following the court's charge to the jury. *See* notes of testimony, 10/10/24 at 115-123; notes of testimony, 10/11/24 at 88-105. Accordingly, we could find Appellant's first claim waived on this basis. *See Commonwealth v. Moury*, 992 A.2d 162, 178 (Pa.Super. 2010) (stating, "[a] specific and timely

objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver." (citations omitted)).

Nonetheless, even if not waived, we discern no abuse of discretion on the part of the trial court in electing to forgo a self-defense/justification instruction to the jury. The record reflects that a self-defense/justification defense was not warranted in this instance, where, by the Appellant's own admission, he was the person who initiated the physical altercation with the victim by bear hugging her to the floor, straddling her torso, and restraining her arms. The record further reflects that Appellant was not legally entitled to then strike the victim twice in the face and pull her hair after she struggled to free herself from Appellant's restraint. *See* notes of testimony, 10/10/24 at 43-46; *see also* notes of testimony, 10/8/24 at 96-99.

Based on the foregoing, we find the trial court's instructions clearly, adequately, and accurately presented the relevant law to the jury for its consideration. Appellant's claim to the contrary, therefore, must fail.

Appellant also argues that the trial court erred in failing to properly instruct the jury on prior inconsistent statements, in large part on the basis that his own text messages were permitted to be used as substantive evidence against him. Appellant's brief at 27-29.

It is well settled in this Commonwealth that "[a] jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue."

***Commonwealth v. Sandusky***, 77 A.3d 663, 667 (Pa.Super. 2013).  There is no right to have any particular form of instruction given; it is enough that the charge "clearly and accurately characterize relevant law." ***Commonwealth v. Akhmedov***, 216 A.3d 307, 321 (Pa.Super. 2019) (citation omitted), ***appeal denied***, 224 A.3d 364 (Pa. 2020).

In the instant matter, the trial court gave the following instruction on prior inconsistent statements, in accordance with Pennsylvania Suggested Standard Jury Instruction 4.08A, Impeachment or Substantive evidence – Inconsistent Statement:

> You may have heard evidence or testimony that one or more witnesses made a statement outside of court in the form of a text or some message or an interview, whether it's recorded on a tape recording or just on a printout of a text message. Whatever the form that prior statement is, there are two types of issues that could arise from statements made before they got to court.
>
> One, the statement could be inconsistent with what maybe they said in court or it could be consistent with what they say here. So how do you handle those problems?
>
> So if you find that a witness made a statement on an earlier occasion that was consistent with the in-court testimony, this evidence may be considered by you for one purpose only, and that is to help you judge the credibility and weight of the testimony given by the witness in this trial.
>
> You may not regard evidence of a prior consistent statement as proof of the truth of any matter asserted in the prior statement if you have heard evidence of a prior statement.

If you have heard evidence of a prior statement that was inconsistent with the witnesses in court testimony, it is for you to decide, first of all, if such a prior statement was made by the witness and whether it was inconsistent with the in-court testimony. You may, if you choose, regard this evidence as proof of the truth of anything that the witness said in the earlier statement? You may also consider this evidence to help you judge the credibility and weight of the testimony in court given by the witnesses.

Notes of testimony, 10/11/24 at 68-70.

Appellant's counsel objected to this instruction, arguing that the trial court was required to give the second alternative of 4.08A with regard to how a jury should specifically handle text messages. *Id.* at 88-104. Appellant avers that text messages do not come into evidence as substantive evidence for the truth of the matter asserted, but rather can only be introduced for impeachment purposes. *Id.*

The trial court disagreed, reasoning in part, as follows:

Clearly, all messages/statements are out-of-court statements written digitally from someone's electronic device. [Appellant] stipulated to their authenticity, did not object to [their] admission into evidence and did not place any limitations on [their] use. It is uncontroverted that they are authentic, contemporaneous and verbatim statements from the witness in a digital format that was printed out to preserve the message. In addition, each author/witness adopted and verified the texts/messages as their own, at trial, while under oath and in the presence of the jury, attorneys, [Appellant] and the court. While clearly hearsay statements, they have similarities to other forms of statements reduced, for example, to a writing just like written or typed letters, cards, notes, etc. that courts have dealt with in the past. The primary focus of hearsay

- 9 -

exceptions is designed to admit evidentiary items reduced to a writing with sufficient indicia of reliability. Certainly, a video or audio recording of a person's remarks, messages and/or statements can provide that indicia of reliability, just as statements signed and/or adopted by the declarant, with the greatest reliability coming from statements under oath.

. . . .

[T]his court finds that the printouts of digital statements in this case that may contain prior inconsistent statements from a witnesses['] in-court testimony satisfy the goal of reliability for hearsay evidence and are admissible as substantive evidence. The circumstances surrounding there creation create a high degree of reliability so that the statement can be considered for the truth of the matter asserted. The printouts of digital messages/statements here are both electronic recordings and writings. Per stipulation, authenticity and authorship were unchallenged: therefore, no need for a signature on the digital statement or proof of adoption. Moreover, there was no challenge that the statements/messages were not verbatim and/or contemporaneous.

. . . .

Hence, all prior statements had a high degree of reliability which satisfies the concerns of the appellate courts and the hearsay exception at play here. Therefore, [Appellant's] issue with regard to prior inconsistent statements and the challenge to the concomitant jury instruction given by the trial court here is without merit.

Trial court opinion, 6/9/25 at 12-13, 17-18.[4]

---

[4] The trial court's June 9, 2025 opinion does not contain pagination. For the ease of our discussion we have assigned each page a corresponding number.

Based on the foregoing, we conclude that the trial court did not abuse its discretion in fashioning its jury instruction on prior inconsistent statements. The trial court's instructions clearly, adequately, and accurately presented the relevant law to the jury for its consideration. ***See Akhmedov***, 216 A.3d at 321. Accordingly, Appellant's second claim must fail.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/25/2026